# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALVARO L. LUPIAN, aka ALVARO L. LUA, d/b/a EL PROGRESSO 4 BAR, <br><br> Defendant. | 1:10-cv-02104 LJO GSA <br><br> **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT** <br><br> (Document 11) |

On March 1, 2011, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the present Application for Default Judgment by the Court against Defendant Alvaro L. Lupian, also known as Alvaro L. Lua, individually and doing business as El Progreso 4 Bar. (Doc. 11.) A hearing was held on April 8, 2011, before the Honorable Gary S. Austin. Thomas P. Riley, Jr. appeared telephonically on behalf of Plaintiff. No appearance was made by or on behalf of Defendant.

## BACKGROUND

Plaintiff filed the instant action on November 10, 2010. (Doc. 1.) Defendant was served with the summons and complaint on December 30, 2010. (Docs. 5.) The complaint alleges violations of Title 47 of the United States Code sections 605 and 553. Plaintiff also alleges a state law claim of conversion and a violation of California Business and Professions Code section 17200, *et seq*.

1

Defendant has not answered the complaint or otherwise appeared in this action. (Doc. 11-1 at 2 & 11-2, ¶ 1.) On February 4, 2011, the Clerk of the Court entered default against Defendant Alvaro L. Lupian. (Doc. 7.)

Plaintiff filed the instant application for default judgment on March 1, 2011. Plaintiff requests that the Court enter default judgment against Defendant in the amount of $112,200.00. Despite being served with the application by United States Mail, Defendant has not responded to the application.

## Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

//
//

**DISCUSSION**

Service of summons and complaint in this action was made on Defendant Alvaro L. Lupian on December 30, 2010. A true and correct copy of the Proof of Service was filed with this Court on January 18, 2011. (Doc. 5). Defendant failed to respond to the complaint or otherwise appear in this action. The Clerk of the Court entered default against Defendant on February 4, 2011. (Doc. 7.) Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (*See* Doc. 11 at ¶ 1 & 11-2 at ¶ 3.)

Plaintiff seeks judgment pursuant to Title 47 of the United States Code section 605 against Defendant for unlawfully intercepting, receiving and exhibiting the *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Program* on November 14, 2009, at his establishment in Cutler, California. Plaintiff requests enhanced statutory damages in the amount of $110,000.00 and $2,200.00 for state law conversion.

The relevant provisions of Title 47 of the United States Code section 605, which address unauthorized publication or use of wire or radio communications, state:

> (a) . . . no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney. . .. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Additionally, the aggrieved party is authorized to obtain statutory damages of "not less than $1,000 or more than $10,000, as the court considers just" for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court may award enhanced damages up to $100,000 for each violation if

it finds the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605 (e)(3)(C)(ii).

Plaintiff attests that it is a closed-circuit distributor of sports and entertainment programming that purchased and retained the commercial exhibition licensing rights to the program at issue. Plaintiff marketed the sub-licensing (commercial exhibition) rights in the program to its commercial customers. (Doc. 11-4 at ¶ 3.) Plaintiff contends that persistent signal piracy of its programming costs the company, its customers and the community millions of dollars annually. (Doc. 11-4 at ¶ 11.) Plaintiff believes this results in part from the perceived lack of significant consequences (including nominal or minimal damage awards by the Courts who hear its cases) for such unlawful interception and exhibition by the commercial signal pirates. (Doc. 11-4 at ¶ 12.) As such, Plaintiff requests the maximum allowance for statutory violations, totaling $110,000.00. (Doc. 11-4 at ¶ 13.)

Here, the summons and complaint were served upon Defendant Alvaro L. Lupian by substitute service on December 30, 2010. The service was effected pursuant to subdivision (h)(1) of Rule 4 of the Federal Rules of Civil Procedure, which provides as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>     (1) in a judicial district of the United States:
>       (A) in the manner prescribed by Rule 4(e)(1) for servicing an individual; or
>       (B) be delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . ..

More particularly, the summons and complaint was served upon Luccero Gama, the person in charge at the El Progreso 4 Bar, at 40594 Lincoln Road, Suite B, in Cutler at 9:00 p.m. on December 30, 2010. (See Doc. 5.) Thus, it appears that Defendant's default was properly entered, and the complaint is sufficiently well-pled. By his default, Defendant has admitted to willfully violating the referenced statutes for purposes of commercial advantage.

Although deterrence of future violations is an important objective of the statutes, the facts before the Court indicate that Defendant's establishment is a medium sized bar serving primarily

1  Spanish speaking clientele, with a maximum capacity of approximately seventy to eighty patrons.
2  Mitch Gerking, Plaintiff's investigator, noted El Progreso 4 Bar is located in "the rural
3  unincorporated community of Cutler" in Tulare County and primarily caters to a clientele of
4  Spanish speaking laborers.[1]  The bar contained a twenty-five to twenty-seven inch color
5  television mounted near the ceiling in the northeast corner, as well as a nineteen inch color
6  television sitting on a shelf behind the bar.  Gerking conducted three head counts while he was in
7  the bar for a total of about seven minutes, between 7:38 and 7:45 p.m., on November 14, 2009.
8  Each of the three counts revealed that "80+" persons were present.  A cover charge was not
9  required, however, the entrance to the bar was manned by a security guard.  (Doc. 11-3 at 2-3.)
10 Photographs of the establishment depict an aging building, the bar sharing space with a modest
11 supermarket.  (Doc. 11-3 at 5-9.)

12     While it appears the establishment was full to its capacity, in light of the clientele served
13 and the rather humble nature of the business itself, the Court finds that the amount of requested
14 damages should be reduced and will recommend a reduction accordingly.

15     Additionally, Plaintiff seeks $2,200.00 in conversion damages, the value of the properly
16 at the time of the conversion.  (Doc. 11-1 at 20.)  Under California law, "[c]onversion is the
17 wrongful exercise of dominion over the property of another.  The elements of a conversion are
18 (1) the plaintiff's ownership or right to possession of the property at the time of the conversion;
19 (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3)
20 damages."  *Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581, 35 Cal.Rptr.3d 684
21 (2005) (internal quotation marks omitted); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta*
22 *Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir.1992).  "Because conversion is a strict liability tort,
23 questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant."
24 *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1, 98 Cal.Rptr.3d 231 (2009).  Exclusive right to
25 distribute a broadcast signal to commercial establishments constitutes a "right to possession of
26 property" for purposes of conversion.  *See Don King Prods./Kingvision v. Lovato*, 911 F.Supp.
27 419, 423 (N.D. Cal. 1995); *see also DIRECTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1189 (E.D.
28

---

[1] Mr. Gerking described the establishment as a "medium sized Mexican bar in poor condition."

5

1  Cal. 2005) (concluding that the "right to distribute programming via satellite" constituted a "right
2  to possession of personal property" for purposes of a conversion claim under California law).
3       Here, Plaintiff was granted the exclusive domestic commercial exhibition licensing rights
4  to the program at issue, and thus had the right to possession of the property at the time of the
5  conversion.  (Doc. 11-4, ¶ 3.)  Next, because Defendant did not legally purchase the pay-per-
6  view programming, the exhibition of the fight in El Progreso 4 Bar on November 14, 2009,
7  constituted Defendant's conversion by a wrongful act or disposition of property rights.  (Doc. 11-
8  4, ¶¶ 6-7.)  Finally, the rate card for the "Fire Power" welterweight championship fight between
9  Manny Pacquiao and Miguel Cotto, for an establishment with "a maximum fire code occupancy"
10 of eighty (80) persons, similar in size to Defendant's establishment, indicates the sub-license fee
11 for the program would have been $2,200.00.  (Doc. 11-4, ¶ 8 & Ex. 1.)  Thus, Plaintiff is entitled
12 to damages for conversion in the amount of $2,200.00.

## RECOMMENDATIONS

14     Based on consideration of the declarations, pleadings and exhibits to the present
15 application, the Court RECOMMENDS as follows:
16     1.    Plaintiff's application for default judgment be GRANTED;
17     2.    Judgment be entered in this action against Defendant Alvaro L. Lupian; and
18     3.    Damages in the total amount of $10,220.00 be awarded as follows:
19         a.    For the violation of 47 U.S.C. § 605(e)(3)(i)(II), the sum of $4,000.00;
20         b.    For the violation of  47 U.S.C. § 605 (e)(3)(C)(ii), the sum of $4,000.00;
21          and
22         c.    For the conversion of Plaintiff's property, the sum of $2,200.00.
23
24     These findings and recommendations are submitted to the district judge assigned to this
25 action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local
26 Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written
27 objections to these findings and recommendations with the Court and serve a copy on all parties.
28 Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations."  The district judge will review the magistrate judge's findings and
2  recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5     IT IS SO ORDERED.
6     **Dated:   April 14, 2011**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE